# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL T. SWEARINGEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 4470 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| MOMENTIVE SPECIALTY CHEMICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On July 19, 2010, Plaintiff Paul T. Swearingen ("Swearingen" or "Plaintiff") filed a complaint against Defendant Momentive Specialty Chemicals, Inc.[1] ("Momentive" or "Defendant"), invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (R. 1.) Swearingen, a truck driver employed by Transport Service Co. ("Transport"), alleges that, upon delivering chemicals to Defendant's Carpentersville, Illinois, plant, Defendant directed him to climb on top of his semi-tank truck to loosen the tank-dome lid so that air could enter the tank and the chemicals could flow into Momentive's receiving pipes. (*Id.* at 2-3.) Upon following these alleged directions, Swearingen fell from the top of his tank to the concrete floor, sustaining a variety of injuries. (*Id.* at 3-5.) Plaintiff alleges that the distance between the dome of his tank and the overhead piping system of Defendant's facility was insufficient for a delivery driver to open the dome cap, and further alleges that Defendant failed to provide any safety harness,

---

[1] Momentive Specialty Chemicals, Inc., was formerly known as Hexion Specialty Chemicals, Inc.

platform, warning signs, mats, or pads. (*Id.* at 3.) Swearingen thus alleges that Momentive owed him a duty of care, which the latter breached in a manner that directly and proximately caused him injury. (*Id.* at 4-5.)

On March 8, 2011, Momentive filed a motion for summary judgment, contending that discovery has revealed that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. (R. 27.) Specifically, Momentive argues that, because the undisputed facts show that any dangerous condition was "open and obvious," it owed no duty to Swearingen. (R. 28 at 5-9.)

For reasons discussed below, the Court grants Defendant's motion for summary judgment.

## BACKGROUND

Swearingen, a citizen of Louisiana, is both an employee of Transport and a tanker-truck driver. (R. 37 at 1.) Momentive is a New Jersey Corporation with its headquarters in Ohio and is a manufacturer and distributor of binding, bonding, and coating products. (*Id.* at 1-2.) On March 29, 2010, Swearingen delivered a tank of chemicals to Defendant's Carpentersville, Illinois, facility, where he parked his trailer in an unloading bay and began preparing the tank for unloading. (*Id.* at 2.) Plaintiff testified at his deposition that Momentive personnel knocked on his truck door and said: "Excuse me. Please would you come back and open your dome lid so we can get started." (R. 39 at 45.) He further testified that no one from Momentive told him how he should open the dome lid. (*Id.*)

To open the dome seal on the top of his tank, Swearingen climbed the ladder attached to the tank. (R. 37 at 2.) When he got to the top of the ladder, Plaintiff saw bright red piping that was part of Momentive's fire-extinguishing system. (R. 39 at 45.) He testified that he saw that

2

the piping was "extremely low," but concluded: "oh, well, I've been in these kind of situations before, and I know that I'm going to have to do it in the end anyway." (*Id.*) Swearingen testified as to what happened next as follows:

> So I went ahead and crawled underneath of it and proceeded to try to open the dome lid. In the process of opening the dome lid, I stood up a little bit and bumped the backside of my head, knocking off my helmet and goggles. And then . . . it was like, I knew that I was falling, so I was grabbing for the Christmas tree[2] on the top of the trailer, hoping that I could stop my fall. And then I landed on the ground.

(R. 39 at 45-46.)

There is no dispute that Swearingen was aware of the hazard and that he did not have fall protection when he climbed onto the truck. (R. 37 at 2-3.) Nor is there any dispute that Plaintiff's employer, Transport, trained Swearingen in the manner in which to unload trucks. (*Id.* at 3.) The parties further agree that Swearingen did not ask anyone at Momentive for assistance or for fall protection during the unloading process. (*Id.* at 4.)

Swearingen filed a complaint in this Court on July 19, 2010, seeking damages in tort on account of injuries he sustained due to Momentive's alleged breach of its duty of care. (R. 1.) The Court subsequently ordered that the parties complete fact discovery by March 1, 2011. (R. 15.) On March 8, 2011, Momentive filed the instant motion for summary judgment. (R. 27.) For reasons explained below, the Court grants this motion.

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[2] Swearingen testified that "the Christmas tree" is a "piece of equipment . . . [that has] a safety valve in it to . . . stop you from blowing up the tank" and that "has fittings on it so that you can hook hoses[.]" (R. 39 at 46.)

56(a). In determining whether a genuine dispute as to any material facts exists, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004).

To defeat a motion for summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The moving party bears the burden of establishing the lack of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should grant summary judgment against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ANALYSIS

**Momentive Did Not Owe Swearingen a Duty of Care at the Time of the Accident**

Because the Court is sitting in diversity, it applies the choice-of-law rules of Illinois—the forum state—to determine the applicable substantive law. *See Hinc v. Limi-O-Sol Co.*, 382 F.3d 716, 719 (7th Cir. 2004). There is no dispute that substantive Illinois law applies in the present case.

Under Illinois law, to establish negligence, a plaintiff must prove: (1) the existence of a duty; (2) a breach of that duty; and (3) an injury proximately caused by the breach. *See Thompson v. Gordon*, -- N.E.2d --, 2011 WL 190290, at *5 (Ill. Jan. 21, 2011) (citations

omitted). "Whether a duty is owed presents a question of law for the court to decide, while breach of duty and proximate cause present questions of fact for the jury to decide." *Id.* (citations omitted). If no duty exists, there can be no liability. *See Hess v. Flores*, -- N.E.2d --, 2011 WL 1227826, at *4 (Ill. App. Ct. Mar. 31, 2011) ("Where there is no duty, there can be no liability.") (citations omitted).

To determine whether a duty of care exists in Illinois, one must consider relevant factors, which include: (1) the likelihood of injury; (2) the reasonable foreseeability of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant. *See Belton v. Forest Preserve Dist. of Cook Cnty.*, 943 N.E.2d 221, 227 (Ill. App. Ct. 2011).

Momentive observes that, with respect to the preceding inquiry, "it is a 'long-established principle' of Illinois law that 'owners and occupiers of land generally owe no legal duty to take precautions or warn against risk from 'open and obvious' conditions present on land.'" (R. 28 at 5 (quoting *Bucheleres v. Chi. Park Dist.*, 665 N.E.2d 826, 831-32 (Ill. 1996).) Defendant points out that the rationale for this principle is that "the open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risk." (R. 28 at 6 (quoting *Bucheleres*, 665 N.E.2d at 832).)

Embracing the general rule that owners of land do not owe a legal duty with respect to open and obvious conditions, Momentive points out that there is no genuine dispute that Swearingen actually knew about the piping hazard, which was covered with bright-red paint, knew that he was taking a risk in trying to open the dome lid, knew that he did not have fall protection, and knew that he would have to be careful not to fall in light of the same. (R. 28 at 7-

5

8.) Defendant thus concludes that it is "entitled to summary judgment on the ground that it owned [*sic*] no duty to protect plaintiff against a risk that he himself recognized." (*Id.* at 9.)

In response, Swearingen argues that a genuine dispute exists as to three material facts, which preclude entry of summary judgment in Defendant's favor. (R. 38 at 2-6.) Swearingen submits that, contrary to Momentive's assertion, he was not standing on top of the truck, that Momentive's failure to provide fall protection was a contributing factor to his accident, and that maintaining three points of contact[3] was impossible while opening the dome lid. (*Id.*)

Even if a genuine dispute exists as to these facts, Plaintiff does not explain why they are material. As Momentive correctly points out in its memorandum in support of its motion for summary judgment, and as the Court explains above, in the absence of a duty, there can be no liability. The three purported facts relied upon by Swearingen are of no moment to the question whether the open and obvious nature of the piping hazard precludes a legal finding that Momentive owed Plaintiff a duty of care. These facts, therefore, are not outcome determinative and thus a dispute with respect to them does not prevent the Court from awarding summary judgment. *See, e.g.*, *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010) ("[D]isputed facts that are not outcome-determinative are not material and will not preclude summary judgment.").

Swearingen addresses the relevant issue, however, in further arguing that this case falls within the distraction and deliberate-encounter exceptions to the open and obvious doctrine. (R. 38 at 10-13.) The Court concludes, however, that these exceptions do not apply to the instant

---

[3] Defendant explains that the "three-points-of-contact" rule is the standard rule for fall protection on elevated surfaces. (R. 28 at 3.) Plaintiff testified at his deposition that the three-point stance refers to "one-hand-two-feet, both-hands-one-foot type standing. Three points of my body in contact with the vehicle at all times." (R. 39 at 42.)

6

facts, and thus Momentive did not owe Swearingen a duty.

### A. The Distraction Exception Does Not Apply Because Swearingen Fails to Point to any Evidence that He Was Distracted

Plaintiff argues that, "[e]ven if this Court determines that Plaintiff encountered an open and obvious condition," the distraction exception applies. (R. 38 at 10.) As the Illinois Court of Appeals recently explained, "[u]nder the distraction exception, the open and obvious danger rule will not apply if the possessor of land has reason to anticipate or expect that his invitees' attention will be distracted such that the invitee will fail to discover the open and obvious danger or will forget about the danger or will fail to protect himself from the danger." *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 647-48 (Ill. App. Ct. 2010) (citations omitted). In determining whether this exception applies, the Court must "look beyond whether a condition is open and obvious and . . . examine whether a defendant should have foreseen that a plaintiff was or could be distracted or forgetful." *Id.* at 648 (citations omitted).

Given the undisputed facts in the record, the Court finds as a matter of law that the distraction exception does not apply in this case. *See, e.g.*, *Kleiber*, 942 N.E.2d at 648 ("The primary question before this court is whether as a matter of law for summary judgment purposes, it was clear that neither of the two exceptions to the open and obvious danger rule applied in the present case."). Even viewed in the light most favorable to Plaintiff, the record does not support a finding that Swearingen was distracted. Indeed, there is no evidence whatsoever that Swearingen was distracted at, or during the moments leading up to, the time of the accident. The totality of Plaintiff's argument to the contrary is that "Mr. Swearingen was instructed by Momentive employees to back the truck into the unloading dock and then climb to the top of the truck to open the dome lid to prepare for unloading the truck." (R. 38 at 10.) Even if this were

7

true—in fact, Swearingen's deposition testimony reveals that Defendant's employees merely told him to open the dome lid, but did not tell him how to go about doing so (R. 39 at 45)—such instructions could not amount to a distraction for the purposes of the exception. *See generally Kleiber*, 942 N.E.2d at 649. Furthermore, to the extent Plaintiff's own actions distracted him, this would not satisfy the exception. *See, e.g.*, *Wilfong v. L.J. Dodd Const.*, 930 N.E.2d 511, 522 (Ill. App. Ct. 2010).

      **B.**      **The Deliberate-Encounter Exception Does Not Apply Because There Is No Evidence that Defendant Was Aware of the Hazard such that It Could Foresee that Swearingen Would Proceed to Encounter the Same**

As noted, open and obvious dangers generally obviate any duty on the part of possessors or owners of land to invitees. *LaFever v. Kemlite Co.*, 706 N.E.2d 441, 447 (Ill. 1998). Swearingen argues, however, that the deliberate-encounter exception to the open and obvious rule is operative in this case. (R. 38 at 11-13.) This exception applies, thus imposing a duty on a possessor of land, when the possessor "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Prostran v. City of Chi.*, 811 N.E.2d 364, 371 (Ill. App. Ct. 2004) (quoting Restatement (Second) of Torts § 343A, Comment f, at 220 (1965).) As the Illinois Court of Appeals has explained, this "exception has most often been applied in cases involving some economic compulsion, as where workers are compelled to encounter dangerous conditions as part of their employment obligations." *Id.* (citation omitted); *see also Grillo v. Yeager Const.*, 900 N.E.2d 1249, 1268 (Ill. App. Ct. 2008) ("Under this exception, individuals will make deliberate choices to encounter hazards when faced with employment concerns, and those encounters are reasonably foreseeable by possessors of property.") (citations omitted).

8

Swearingen argues that "the possibility that an employee might suffer negative consequences in terms of his employment, which could include termination, but might also entail discipline that falls short of termination, is enough to satisfy" the exception. (R. 38 at 12.) He submits that his "choice was to make the delivery or lose his job," relying on his deposition testimony that "I've been in these kind of situations before and I know that I'm going to have to do it in the end anyway." (*Id.* at 13.) Plaintiff also points to his deposition testimony that, had he contacted his employers regarding the risk, his options would have been either to deliver the load or to lose his job. (*Id.*) As a result, Swearingen contends, the deliberate-encounter exception applies, such that Momentive cannot rely on the open-and-obvious doctrine to establish the absence of a duty. (*Id.*)

In making this argument, Swearingen relies on *LaFever*. (*Id.* at 12.) In that case, the Supreme Court of Illinois found that the defendant employer "could have reasonably foreseen that plaintiff would risk [encountering a hazard that the defendant knew existed], because it was necessary for plaintiff to fulfill his employment obligations." *LaFever*, 706 N.E.2d at 448. It further explained that the defendant "could reasonably foresee an 'economic compulsion' imposed on the roll-off drivers to perform the work they were hired to do . . . . and therefore had reason to know that these same drivers would deliberately encounter the hazard in order to fulfill their obligations and, consequently, keep their jobs." *Id.* at 449 (citation omitted). In its decision, the Illinois Supreme Court also rejected the employer's contention "that a plaintiff cannot raise the deliberate encounter exception without furnishing proof of an actual threat of termination." *Id.* at 448-49.[4]

---

[4] In addition, the Supreme Court of Illinois emphasized "that, by our formal adoption of the deliberate encounter exception to the open and obvious doctrine, we do not render property

In reply, Momentive argues that the deliberate-encounter exception does not apply because it requires that the premises owner have "*reason to expect* that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." (R. 39 at 9 (emphasis in original) (quoting *Prostran*, 811 N.E.2d at 371).) Defendant contends that it had no reason to expect that Swearingen would choose to climb on top of the truck, in squatting position, having already seen the piping. (*Id.* at 10.) In support of this position, Momentive observes the deposition testimony of Plaintiff's own supervisor, Carey Penn, that: "[i]n most cases that I've witnessed, the ones that I've witnessed, they lean over while they're still on the ladder and reach over and undo the dome lid." (R. 39 at 10, 18.) It also points to the deposition testimony of its safety manager, Robert Usab, that "[w]e presume that the drivers will have received training from their own company regarding their procedures on proper loading and offloading and accessing their equipment, and it's something that's really outside the scope of our procedures, our facility procedures." (*Id.* at 39 at 10, 33.)

Based on the undisputed facts, the Court finds as a matter of law that the deliberate-encounter exception does not apply. The undisputed evidence reveals that Defendant had no reason to expect that Plaintiff would climb onto the top of his truck, despite the piping system directly overhead. *Cf., e.g.*, *Morrissey v. Arlington Park Racecourse, L.L.C.*, 935 N.E.2d 644, 648 (Ill. App. Ct. 2010) ("Liability under this exception stems from the landowner's knowledge of the premises and what the landowner had reason to expect the invitee would do in the face of

---

owners insurers of invitees' welfare. Our finding that a landowner may reasonably be expected in certain instances to predict that an invitee may suffer harm from an open and obvious danger is conclusive only of the possessor's duty, and then only partially so, since foreseeability alone is not determinative of duty." *Id.* at 450 (citations omitted).

the dangerous condition."). Illinois cases finding that the exception applies involve situations in which possessors of land were aware of the relevant hazard and thus could anticipate that invitees would choose to encounter it. *See LaFever*, 706 N.E.2d at 448-49 (finding that the exception applied and observing that the defendant "knew that the edge trim posed a hazard" and "admitted that it knew that the . . . drivers inevitably encountered the edge trim spilled by Kemlite employees on order to haul away the compactor container"); *Morrissey*, 935 N.E.2d at 651 ("[I]t is impossible to conclude, as a matter of law, that the defendant, which was *clearly aware* that on a daily basis riders used the east exit because of its proximity to the training track, so as to exercise all of their horses within a span of only five hours, could not have anticipated that the plaintiff would elect the choose east exit, despite the dangerous condition there.") (emphasis added); *Grillo v. Yeager Const.*, 900 N.E.2d 1249, 1268 (Ill. App. Ct. 2008) ("The deliberate encounter exception was, therefore, applicable in this case where plaintiff *informed defendant* of the dangerous condition where he was working, and *defendant had reason to expect* that plaintiff would continue working despite the dangerous condition in order to complete his work in a timely manner.") (emphasis added); *Preze v. Borden Chemical, Inc.*, 782 N.E.2d 710, 715-16 (Ill. App. Ct. 2002) (finding that the deliberate-encounter exception applied on the ground that it was reasonably foreseeable that plaintiff, whom defendant charged with conducting maintenance in its resin-manufacturing plant, would risk an encounter with the resin because plaintiff testified that "resin was everywhere and coated everything"); *Cihon v. Cargill, Inc.*, 689 N.E.2d 153, 159 (Ill. App. Ct. 1997) (observing that "Cargill knew that workers had been using the plank to access the tank farm" and finding that a duty existed because "Cargill had reason to anticipate that a worker accessing the tank farm might slip off of the plank if his boots were muddy or might misstep if carrying materials at the time").

Plaintiff has pointed to no evidence that Momentive was aware that he or any other drivers who delivered chemicals climbed on top of their trucks to open the dome lids in the hazardous manner that Swearingen did. Indeed, there is no dispute that Plaintiff's employer, Transport, trained Swearingen and that Swearingen's own supervisor testified that, of the cases that he had witnessed, drivers "lean over while they're still on the ladder and reach over and undo the dome lid." (R. 39 at 10, 18.) Furthermore, Swearingen did not even bring the hazard to Momentive's attention before climbing onto his truck.

In light of these undisputed facts, the deliberate-encounter exception to the open and obvious doctrine does not apply, and so Defendant did not owe Swearingen a duty. Without such a duty, there can be no liability. *See Hess*, 2011 WL 1227826, at *4. Momentive is therefore entitled to summary judgment.

## CONCLUSION

For the preceding reasons, the Court grants Momentive's motion for summary judgment.

**Dated:** May 4, 2011

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**